**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| HAROLD WARD, individually and on behalf of all others similarly situated, | Docket No. |
| Plaintiff, | Complaint – Collective Action |
| v. | |
| LUCKY BUCKS, LLC | Jury Trial Demanded |
| Defendant. | |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Harold Ward (Ward) brings this collective action to recover unpaid overtime wages and other damages from Defendant Lucky Bucks, LLC (Lucky or Defendant) for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b).

2. Ward worked as a Service Technician.

3. Ward and the Putative Class Members (as defined below) regularly worked more than 40 hours a week.

4. But the Putative Class Members never received overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of receiving overtime as required by the FLSA, these workers received a salary without overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## I.  JURISDICTION AND VENUE

7.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8.  The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

9.  The Court also has federal jurisdiction pursuant to 28 U.S.C. § 1332(c) because Lucky has its principal place of business in this District.

10. Venue is proper in this court pursuant to 28 U.S.C. § 1332(b) because a substantial rise of the events giving rise to this claim occurred in this district.

11. Venue is property in this court pursuant to 28 U.S.C. § 1332(b) because defendant resides in this district.

## II.  THE PARTIES

12. Ward was employed by Defendant from January 2012 until June 2020.

13. Throughout his employment with Defendant, Ward was paid a salary with no (time and a half) overtime compensation.

14. Ward's consent to be a party plaintiff is attached as Exhibit A.

15. Ward brings this action on behalf of himself and all other similarly situated field technicians who were not paid overtime.

16. Each of these workers received a salary per week and did not receive overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA.

17. Throughout his employment with Lucky Bucks, Ward was classified as an exempt employee.

18. The putative class under the FLSA of similarity situated employees sought to be certified is defined as follows:

> **All current and former Salaried Service Technicians in the United States that worked for Lucky Bucks, LLC. who were paid a salary within the last three (3) years (FLSA Putative Class).**

19. The FLSA Putative Class members are easily ascertainable from Defendant's business and personal records.

20. Lucky Bucks, LLC is a Georgia corporation and may be served with process by serving its registered agent, Shafik Kassam: 5820 Live Oak Parkway, Suite 300, Norcross, GA 30093.

### III.   COVERAGE UNDER THE FLSA

21. At all times hereinafter mentioned, Lucky has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, Lucky has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times hereinafter mentioned, Lucky has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cell phones, and office supplies - that have been moved in or produced for commerce by any person and in that Bolt have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

24. At all times hereinafter mentioned, Lucky and the FLSA Putative Class Members were engaged in commerce or in the production of goods for commerce.

### IV.   FACTS

25. Lucky Bucks is a digital skill-based Coin Operated Amusement Machine Company which creates coin operated machines and installs them in casinos.

26. Ward is one of these employees who installed casino machines.

27. Ward worked for Defendant from January 2012 until June 2020.

28. Throughout his employment with Lucky, Lucky paid Ward a salary.

29. Ward and FLSA Putative Class Members who worked for Lucky Bucks Gaming were paid a salary and misclassified as exempt employees, and these make up the proposed Putative Class.

30. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.

31. These so-called exempt employees were paid a salary for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

32. This is true even though Ward and FLSA Putative Class Members work over 70 hours a week.

33. Ward and FLSA Putative Class Members work in accordance with the schedule set by Lucky.

34. Ward's work schedule is typical of FLSA Putative Class Members.

35. Likewise, Lucky controls Ward and FLSA Putative Class Members' work

36. Lucky requires Ward and the FLSA Putative Class Members to follow Lucky's policies and procedures.

37. Lucky and FLSA Putative Class Members' work must adhere to the quality standards put in place by Lucky.

38. Ward and FLSA Putative Class Members are not required to possess any unique or specialized skill set (other than that maintained by all other workers in their respective positions) to perform their job duties.

39. As a service technician, Ward was responsible for providing installation services.

40. Ward and FLSA Putative Class perform similar duties, including repairing game machines, installing game machines, and training newly hired service technicians.

41. No advanced degree is required to become a service technician.

42. Ward and the Putative Class Members did not have any supervisory or management duties.

43. Lucky treated these workers as exempt when they should have been treated as non-exempt (paid hourly and a time and a half for OT) under FLSA.

44. Ward and FLSA Putative Class Members did not perform duties that were exempt managerial duties.

45. Ward and FLSA Putative Class Members installed coin machines and provided maintenance for coin machines.

46. To the extent the field technicians make "decisions," such decisions do not require the

exercise of independent discretion and judgment.

47. Instead, the technicians apply well-established techniques and procedures and use established standards to evaluate any issues.

48. Technicians do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

49. With these job duties, the technicians are clearly non-exempt employees under the FLSA.

50. Ward's working relationship with Lucky is similar to Lucky's relationship with the FLSA Putative Class.

51. Lucky knew that Ward and FLSA Putative Class Members worked more than 40 hours a week.

52. Defendant's failure to pay overtime to Ward and FLSA Putative Class Members was, and is, a willful violation of the FLSA.

53. Ward and FLSA Putative Class Members worked for Lucky in the past three years throughout the United States, including in Georgia.

54. As a result of Lucky's pay policies, Ward and FLSA Putative Class Members were denied the overtime pay required by federal law, because these workers are, for all purposes, employees performing non-exempt job duties.

55. Lucky keeps accurate records of the hours, or at least the days, its field technicians work.

56. Lucky also keeps accurate records of the amount of pay its technicians receive.

57. Because Ward and FLSA Class Members were misclassified as exempt employees by Lucky, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## V. COLLECTIVE ACTION ALLEGATIONS

58. Ward brings his claim under FLSA as a class action. *See* FLSA 29 U.S.C. 216(b) as a collective action.

59. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

60. Numerous other individuals who worked with Ward indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

61. Other FLSA Putative Class members worked with Ward, and regardless of their precise job title, their job duties were to perform the on-site vehicle repair services in accordance with Defendant's policies, procedures, and regulations.

62. Ward and FLSA Putative Class Members are similarly situated in all relevant respects.

63. Even if their precise job duties varied somewhat these differences do not matter for the purpose of determining their entitlement to overtime.

64. Ward and FLSA Putative Class Members were paid a salary without overtime.

65. Ward and FLSA Putative Class Members worked for Defendant in Georgia and the surrounding area.

66. Lucky Gaming's failure to pay wages and overtime compensation at the rates required by federal law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Putative Class Members.

67. The specific job titles or precise job locations of the FLSA Putative Class Members do not prevent collective treatment.

68. Absent this action, many FLSA Putative Class Members likely will not obtain redress of their injuries and Lucky will reap the unjust benefits of violating the FLSA.

69. Furthermore, even if some of the FLSA Putative Class Members could afford individual litigation against Lucky, it would be unduly burdensome to the judicial system.

70. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

71. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

72. The questions of law and fact that are common to each FLSA Putative Class Member predominate over any questions affecting solely the individual members.

73. Among the common questions of law and fact are:

   a. Whether Defendant's decision to pay a salary with no overtime compensation violated the FLSA.

   b. Whether Defendant's decision to pay a salary with no overtime compensation to these workers was made in good faith; and

   c. Whether Defendant's illegal pay practice applied to all Class Members.

74. Ward and FLSA Putative Class Members sustained damages arising out of Defendant's illegal compensation policy.

75. Ward knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

76. Defendant is liable under the FLSA for failing to pay overtime to Ward and the FLSA Putative Class Members.

77. As part of their regular business, practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Ward and the FLSA Putative Class Members.

78. Defendant was aware, or should have been aware, that the FLSA required them to pay Barber and the Class Members overtime for all hours worked in excess of 40 hours per workweek.

## CAUSES OF ACTION

### FLSA VIOLATIONS

79. As set forth herein, Lucky has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

80. Lucky knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Ward and the FLSA Putative Class Members overtime compensation.

81. Lucky's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

82. Lucky was aware of the requirements of the Fair Labor Standards Act.

83. Accordingly, Ward and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. JURY DEMAND

84. Ward demands a trial by jury.

### VIII. RELIEF SOUGHT

85. WHEREFORE, Ward prays for judgment against Defendant as follows:

a.  For an Order certifying the collective pursuant to FLSA, 29 U.S.C. 216(b)

b.  For an Order pursuant to FLSA finding Defendant liable for unpaid back wages due to Ward and all the FLSA Putative Class Members, attorney fees, costs, penalties, and pre- and post-judgement at the highest rates allowed by law; and

c.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ C. Ryan Morgan*
**C. Ryan Morgan**
GA I.D. No.
**Jeremy Stephens**
GA I.D. No.
**MORGAN & MORGAN**
191 Peachtree Street NE, Ste 4200
Atlanta, GA 30303
Tel: (404) 965-8811
rmorgan@forthepeople.com
jstephens@forthepeople.com

AND

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Alyssa J. White**
Texas Bar No.
(*Pro Hac Vice Forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

AND

**Richard J. (Rex) Burch**

                              Texas Bar No. 24001807
                              (*Pro Hac Vice Forthcoming*)
                              **BRUCKNER BURCH PLLC**
                              11 Greenway Plaza, Suite 3025
                              Houston, Texas 77046
                              713-877-8788 – Telephone
                              713-877-8065 – Facsimile
                              rburch@brucknerburch.com

                              **ATTORNEYS IN CHARGE FOR PLAINTIFF**