UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HAROLD WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:22-cv-02264-WMR |
| LUCKY BUCKS, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE**

Plaintiff Harold Ward ("Plaintiff"), on behalf of himself and others who are similarly situated that the parties have agreed may receive notice to opt-in to this matter, and Defendant Lucky Bucks, LLC ("Defendant") (Plaintiff and Defendant collectively referred to herein as "the Parties") jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court.

**I.    Legal Principles**

There are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to

settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court approves the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

## II.     The Settlement is a Fair, Just, and Reasonable Compromise of Disputed Claims.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by Plaintiff against his former employer. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel, as was Defendant, and the Parties have entered into a settlement agreement to resolve the instant action.

Courts apply a "strong presumption of fairness to FLSA settlements." *Giagnacovo v. Covanta Enviro. Soluts.*, No. CV 119-066, 2020 WL 1974400 (S.D. Ga. Apr. 24, 2020). The Settlement was reached with the assistance of a veteran mediator, and experienced wage and hour counsel. This favors approval and indicates the absence of any fraud or collusion.

The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  The Parties have agreed to utilize a settlement administrator to provide notice to potential opt-in Plaintiffs, send those individuals who join will be compensated consistent with the parties settlement agreement, which is attached hereto as Exhibit A.  The Parties' engaged in lengthy settlement discussions to reach their agreement, including discussing disputed factual and legal issues over the phone and over electronic mail. The

Parties formulated and exchanged their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, engaged in a mediation and voluntarily agreed to the terms of their settlement agreements during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.  Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties and dismiss the instant action between the Parties with prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as "Exhibit B" hereto.

### FONT CERTIFICATION

Pursuant to LR 7.1D, NDGa, undersigned counsel certifies that the foregoing was prepared using Times New Roman (14 point), as approved by LR 5.1B, NDGa.

Respectfully submitted this 24th day of November, 2022.

| | |
|---|---|
| */s/ Martin B. Heller* | */s/ Andrew W. Dunlap* |

Martin B. Heller
Georgia Bar No. 360538
mheller@fisherphillips.com
FISHER & PHILLIPS LLP
1075 Peachtree Street NE
Suite 3500
Atlanta, GA 30309
Telephone: (404) 231-1400
Facsimile: (404) 240-4249

ATTORNEY FOR DEFENDANT

Michael A. Josephson
Andrew W. Dunlap
Alyssa J. White
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Tel: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

C. Ryan Morgan
Jeremy Stephens
MORGAN & MORGAN
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Tel: (404) 965-8811
rmorgan@forthepeople.com
jstephens@forthepeople.com

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, TX 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

ATTORNEYS FOR PLAINTIFF